UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------X
NATIONAL CASUALTY COMPANY,

         C. A. No. 04-10167-MLW

      Plaintiff,

    v.

FIRST STATE INSURANCE GROUP,

      Defendant.
-------------------------------------------------X

### DEFENDANT FIRST STATE INSURANCE GROUP'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO CONFIRM THE FINAL AWARD ISSUED ON MARCH 12, 2004 IN THE ARBITRATION BETWEEN FIRST STATE INSURANCE GROUP AND NATIONAL CASUALTY COMPANY

Defendant First State Insurance Group ("First State") submits this Memorandum of Law in Support of its Motion, pursuant to 9 U.S.C. § 9, to Confirm the Final Award issued on March 12, 2004 (the "Final Award") in the arbitration between First State and Plaintiff National Casualty Company ("National Casualty").

### FACTS

The facts relevant to this motion are set forth in First State's Memorandum of Law in Support of its Motion to Dismiss the Amended Petition.

## ARGUMENT

## THE FINAL AWARD SHOULD BE CONFIRMED

"Judicial review of the arbitrator's decision is 'extremely narrow and exceedingly deferential.'" Wonderland Greyhound Park, Inc. v. Autotote Sys., Inc., 274 F.3d 34, 35 (1st Cir. 2002). In fact, the First Circuit has held that an arbitration award *must* be confirmed "*if it is in any way plausible.*" Id. at 36 (emphasis supplied) (Gupta v. Cisco Sys., Inc., 274 F.3d 1, 3 (1st Cir. 2001)). See also Raytheon Co. v. Computer Distributors, Inc., 632 F. Supp. 553 (D. Mass. 1986) (Wolf, J.).

Thus, unless the party opposing confirmation can show that grounds exist for vacating the award, an arbitration award must be confirmed. Wonderland Greyhound Park, 274 F.3d at 35-36. Here, National Casualty has completely failed to allege valid grounds for vacating the Final Award.

First, as set forth in First State's Motion to Dismiss National Casualty's Amended Petition, First State properly decided to risk a negative inference rather than produce the Privileged Documents, as it was expressly entitled to do under the November 15, 2003 interim arbitration award. Thus, First State's non-production did not constitute a breach of that interim award. However, even if First State's conduct is considered to have breached the November 15, 2003 interim discovery award, there would still be no grounds for National Casualty to "throw over" the arbitration agreement and end the panel's jurisdiction. Tellingly, none of the cases cited by National Casualty supports its spurious theory.

Second, contrary to National Casualty's assertion, the panel did not engage in misconduct by refusing to compel First State to produce the Privileged Documents or postpone the hearing. At best, the Privileged Documents were cumulative of the evidence already in National

Casualty's possession. Having agreed to arbitration as the method for resolving its disputes with First State, National Casualty had no right to present every piece of evidence it considered relevant. Marshall & Co., Inc. v. Duke, 941 F. Supp. 1207, 1211 (N.D. Ga. 1995) ("Moreover, an 'arbitrator is not bound to hear all the evidence tendered by the parties; he need only give each party the opportunity to present its arguments and evidence.'") (quoting Robbins v. Day, 954 F.2d 679, 685 (11th Cir. 1992)).

Additionally, National Casualty has failed to allege, other than in unacceptably conclusory terms, how it sustained prejudice by the panel's refusal to compel the production of the Privileged Documents. Chevron Transp. Corp. v. Astro Vencedor Compania Naviera, S.A., 300 F. Supp. 179, 181-82 (S.D.N.Y. 1969) (denying motion to vacate maritime arbitration award "[Petitioner's moving papers] contain[] allegations of prejudice which are either distressingly conclusory or indicative of comparatively minor inconvenience to counsel."). National Casualty does not adequately allege prejudice because it cannot. The panel fulfilled its responsibility by providing both parties with a fundamentally fair proceeding, and National Casualty cannot be heard to complain because it disagrees with the result. Seagate Tech. Int'l v. Alliance Computer Sys., No. CIV. A. 0010357RWZ, 2002 WL 15694, at *1 (D. Mass. Jan. 4, 2002) (granting defendant's motion to confirm arbitration award, holding that "Plaintiff may not voluntarily agree to an arbitrator's interpretation of a contract, only to contest the arbitrator's authority when he renders an unfavorable decision. After all, it is 'the arbitrator's view . . . of the meaning of the contract that [the parties] have agreed to accept.'") (quoting United Paperworks Int'l Union v. Misco, Inc., 484 U.S. 29, 37-38 (1987)).

Third, National Casualty's attempt to vacate the Final Award on the ground that it was procured by undue means has no merit. "Undue means" requires proof of intentional misconduct

3

rising to the level of fraud or corruption. Painewebber Group., Inc. v. Zinsmeyer Trusts P'ship., 187 F.3d 988, 991 (8th Cir. 1999). The panel decided not to compel the production of the Privileged Documents after hearing National Casualty's arguments. The Amended Petition alleges no facts from which it can be inferred that First State intentionally abused the process for asserting claims of privilege. Thus, the Final Award was not procured by "undue means."

Moreover, National Casualty has failed to allege, as it must, a causal relation between the purported undue means and the Final Award. Id. at 994. See also A.G. Edwards & Sons, Inc. v. McCollough, 967 F.2d 1401, 1403 (9th Cir. 1992) ("Thus the statute requires a showing that the undue means caused the award to be given."); Mantle v. Upper Deck Co., 956 F. Supp. 719, 732 (N.D. Tex. 1997). Accordingly, National Casualty has not sufficiently pleaded a claim for vacating the Final Award on the ground that it was procured by undue means.

In sum, there are no grounds for vacating the Final Award. It should, therefore, be confirmed. See Connect-Care, LLC v. The Echo Group, No. Civ. 03-40-JD, 2003 WL 22401268, at *2 (D.N.H. Oct. 15, 2003) ("The court must confirm an arbitration award 'if it is in any way plausible, even if [the court] think[s] [the arbitrator] committed serious error.'") (quoting Wonderland, 274 F.3d at 35);

## **CONCLUSION**

For the reasons set forth herein, and in First State's Memorandum of Law in Support of its Motion to Dismiss the Amended Petition, First State's Motion to Confirm the Final Award Should be granted.

                                      First State Insurance Group
                                      By its attorneys,

                                      */s/ [signature]*
                                      Mitchell S. King, Esq. (BBO#2728107)
                                      Thomas M. Elcock, Esq. (BBO #548027)
                                      Prince, Lobel, Glovsky & Tye LLP
                                      585 Commercial Street
                                      Boston, Massachusetts 02109
                                      (617) 456-8000

                                      -and-

                                      Mound, Cotton, Wollan & Greengrass
                                      One Battery Park Plaza
                                      New York, NY 10004
                                      (212) 804-4200

Dated: October 8, 2004

## CERTIFICATE OF SERVICE

I, Thomas M. Elcock, hereby certify that on October 8, 2004, I served First State Insurance Group's Memorandum of Law In Support of Its Motion to Dismiss National Casualty Company's Petition to Vacate Arbitral Order and Enjoin Further Arbitral Proceedings, Or, in the Alternative, Remand, by causing copies to be delivered via facsimile, hand delivery and first class mail, postage prepaid, to counsel of record for all parties.

*Thomas M. Elcock*
Thomas M. Elcock