UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------X
NATIONAL CASUALTY COMPANY,

                                  C. A. No. 04-10167-MLW

        Plaintiff,

    v.

FIRST STATE INSURANCE GROUP,

        Defendant.
------------------------------------------------X

## DEFENDANT FIRST STATE INSURANCE GROUP'S REPLY TO PLAINTIFF NATIONAL CASUALTY COMPANY'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

Defendant First State Insurance Group ("First State") respectfully submits this Reply to Plaintiff National Casualty Company's ("National Casualty") Opposition to First State's Motion to Strike.

### ARGUMENT

### AS THE SEALING OF THE EXHIBITS THAT ARE THE SUBJECT OF FIRST STATE'S MOTION TO STRIKE WOULD BE ACCEPTABLE TO BOTH PARTIES, THOSE DOCUMENTS SHOULD BE SEALED, RATHER THAN STRICKEN, FROM THE RECORD

To preserve the confidentiality of its Privilege Log, and excerpts of the transcript of the December 18, 2003 deposition testimony of First State arbitration witness William Wigmanich (the "Wigmanich Transcript"), First State moved for an Order striking those documents, which were attached as Exhibits to National Casualty's Petition and Amended Petition, from the record. National Casualty has opposed First State's Motion to Strike, contending that the Privilege Log and the Wigmanich Transcript support its claim that the March 12, 2004 final arbitration award (the "Final Award") should be vacated.

While First State disagrees with National Casualty's characterization of the importance of these documents to its cause, it agrees with National Casualty that sealing the two exhibits would preserve their confidentiality "without prejudicing National Casualty's right to present the evidence it believes is germane to its motion." First State would be amenable to an Order sealing its Privilege Log (Exhibit 5 to the Petition and the Amended Petition) and the deposition testimony of William Wigmanich (Exhibit 13 of the Petition and Exhibit 15 of the Amended Petition).

Again, First State wishes to preserve the confidentiality of these materials in accordance with the January 6, 2003 interim award of the arbitration panel. First State believes that sealing the record as to these exhibits would satisfy its concerns, as well as the concerns of National Casualty.

## CONCLUSION

For the reasons set forth herein, First State respectfully requests that its Privilege Log and the Wigmanich Transcript be sealed.

First State Insurance Group<br>
By its attorneys,<br>
<br>
_____<br>
Mitchell S. King, Esq. (BBO#2728107)<br>
Thomas M. Elcock, Esq. (BBO #548027)<br>
Prince, Lobel, Glovsky & Tye LLP<br>
585 Commercial Street<br>
Boston, Massachusetts 02109<br>
(617) 456-8000<br>
<br>
-and-<br>
<br>
Mound, Cotton, Wollan & Greengrass<br>
One Battery Park Plaza<br>
New York, NY 10004<br>
(212) 804-4200

Dated: October 8, 2004

## CERTIFICATE OF SERVICE

I, Thomas M. Elcock, hereby certify that on October 8, 2004, I served First State Insurance Group's Defendant First State Insurance Group's Memorandum Of Law In Support Of Its Motion For Leave To File A Reply To Plaintiff National Casualty Company's Opposition To Defendant's Motion To Strike by causing copies to be delivered via facsimile, hand delivery and first class mail, postage prepaid, to counsel of record for all parties.

_____
Thomas M. Elcock