```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS

NATIONAL CASUALTY COMPANY,      )
     Plaintiff,                 )
                                )
     v.                         )   C.A. No. 04-10167-MLW
                                )
FIRST STATE INSURANCE GROUP,    )
INC., et al.,                   )
     Defendants                 )
```

                                ORDER

WOLF, D.J.                                          December 7, 2004

In its Amended Petition (Docket No. 13), National Casualty Company ("National Casualty) seeks, among other things, vacation of the Arbitration Panel's award to First State Insurance Group ("First State") under 9 U.S.C. §§10(a)(1) and (3).

9 U.S.C. §6 provides that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." As such, the court intends to review the portion of National Casualty's Amended Petition arising under 9 U.S.C. §§10(a)(1) and(3) as a motion and not as a complaint. See O.R. Securities, Inc. v. Professional Planning Associates, Inc., 857 F.2d 742, 745 (11th Cir. 1992); Productos Mercantiles e Industriales, S.A. v. Faberge USA, Inc., 23 F.3d 41, 46 (2nd Cir. 1994); Health Services Management Corp. v. Hughes, 975 F.2d 1253, 1258 (7th Cir. 1992).

"The manner in which an action to vacate an arbitration award is made is obviously important, for the nature of the proceedings

affects the burdens of the various parties." O.R. Securities, 857 F.2d at 745. "The rules of notice pleading, Fed.R.Civ.P. 8, do not apply to a proceeding to vacate an arbitration award because relief must be sought in the form of a motion." Productos, 23 F.3d at 46. On the contrary, National Casualty has the "burden [of setting] forth sufficient grounds to vacate the arbitration award in its moving papers." Id.; see also Bull HN Information Systems, Inc. v. Hutton, 229 F.3d 321, 330 (1st Cir. 2000) (noting that judicial review of arbitration awards is "extremely narrow and exceedingly deferential").

The court understands the portion of National Casualty's Amended Petition alleging that the Arbitration Panel lacked jurisdiction to resolve the dispute to be properly pleaded as a complaint. As such, the court believes that the parties have briefed First State's Motion to Dismiss (Docket No. 32) under the appropriate standard with regard to this portion of the Amended Complaint.

Accordingly, it is hereby ORDERED that:

1.  If National Casualty wishes to argue that this court should review the portion of its Amended Petition arising under 9 U.S.C. §§10(a)(1) and (3) as a complaint, it shall, by December 16, 2004, file a supplemental memorandum in support of that position. First State shall respond by December 30, 2004.

2.  Unless otherwise ordered, National Casualty shall, by January 14, 2005, file a supplemental memorandum, and any

supporting affidavits or other evidence, addressing whether the court should vacate the arbitral award under 9 U.S.C. §§10(a)(1) and (3) and the deferential standard related to them. First State shall file a response by January 28, 2005.

    3. The hearing scheduled for December 15, 2004 is RESCHEDULED for February 17, 2005, at 3:00 p.m.


                                                  /s/ Mark L. Wolf
                                UNITED STATES DISTRICT JUDGE